UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMMAD ALI ALIZADAH NAWAI,<br><br>Defendant. | Case No. 4:22-cr-00029-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      This case is set for trial on May 23, 2023. The defendant informed the Court that he intended to request a case-specific juror questionnaire. The Court ordered a briefing schedule but neglected to provide any additional direction about the questionnaire parameters. *Order*, Dkt. 36. The defendant filed a proposed questionnaire. Dkt. 37. The questions focused on prospective jurors' internet use and opinions about the internet and sexuality. The government objected to the questionnaire as a whole. Dkt. 39. The government argued that the defendant failed to show that the proposed questions are necessary to determine prejudice.

      On the whole, the Court agrees with the government. The Court does not see a need for any of the proposed questions. However, the Court recognizes that this

**MEMORANDUM DECISION AND ORDER - 1**

may be a problem of its own making.

The Court has used case-specific juror questionnaires more frequently in recent years. On the whole, the Court sees this as an appropriate tool in two situations. First, an in-depth questionnaire can vastly improve the efficiency of jury selection in a complex case that requires a significant juror pool. Second, a questionnaire can probe into issues that are often too sensitive for prospective jurors to discuss in front of a large group. Such cases typically involve a prospective juror's past history of abuse or a prospective juror's racial and ethnic biases that he may not want to admit in front of others. The Court strongly believes that the purpose of voir dire and supplemental questionnaires is finding *disqualifying bias*, not exploring jurors' opinions and beliefs.

Here, from the Court's perspective, the Defendant's proposed questionnaire does not involve any such issues and so is not appropriate. That said, the Court has not provided the Defendant an opportunity to argue that the proposed questions are necessary. In addition, now that the Court has given this guidance, the Defendant may wish to inquire into other areas.

Accordingly, the Court will **DENY** the request to send out the proposed questionnaire. Dkt. 37. If defense counsel feels that a questionnaire is necessary in this case, the Court directs defense counsel to meet and confer with counsel for the

MEMORANDUM DECISION AND ORDER - 2

Government to attempt an agreement as to what questions would be appropriate to resolve issues of bias under the facts of this case. If counsel are unable to reach agreement, the Defendant may file a revised questionnaire or supplemental briefing on the issue within 7 days of this order. The government may respond within 7 days of that filing.

DATED: April 5, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3